LEWIS BRISBOIS BISGAARD & SMITH LLP
One Riverfront Plaza-Suite 350
Newark, New Jersey 07102
973-577-6260
*Attorneys for Defendant*

---

| | |
|---|---|
| VIRTUAL STUDIOS, INC., | UNITED STATES DISTRICT COURT |
| Plaintiff, | DISTRICT OF NEW JERSEY |
| v. | 11-CV-00623 (KSH)(PS) |
| ROYALTY CARPET MILLS, INC., | ANSWER |
| Defendant. | |

To:   Marguiles Wind, PA
      Attorneys for Plaintiff
      Harborside Financial Center
      Plaza 10, 3 Second Street, Suite 1201
      Jersey City, New Jersey 07311-3988

Defendant Royalty Carpet Mills, Inc. ("Royalty"), by its undersigned attorneys, as and for its Answer to the Complaint, states as follows:

## JURISDICTION

1.   Denies the allegations contained in paragraph 1, except admits that plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

## VENUE

2.   Denies the allegations contained in paragraph 2, except admits that plaintiff purports to invoke the venue of this Court as set forth therein.

## FACTS COMMON TO ALL COUNTS

3.   Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3.

4. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4.

5. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5.

6. Denies the allegations contained in paragraph 6, except admits that plaintiff and Royalty commenced doing business in or about 2002 and that Royalty's principal place of business is located at 1711 Red Hill Avenue, Irvine, CA 92614.

7. Denies the allegations contained in paragraph 7, and refers to the referenced agreement for the terms thereof.

8. Denies the allegations contained in paragraph 8.

9. Denies the allegations contained in paragraph 9, and refers to the referenced document for the terms thereof.

10. Denies the allegations contained in paragraph 10.

11. Denies the allegations contained in paragraph 11.

12. Admits the allegations in paragraph 12.

13. Denies the allegations contained in paragraph 13, except denies having knowledge or information sufficient to form a belief with respect to plaintiffs purported discovery.

14. Denies the allegations contained in paragraph 14.

15. Denies the allegations contained in paragraph 15.

## FIRST COUNT

16. Answering the allegations of paragraph 16, repeats the allegations contained in paragraphs 1 through 15.

17. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17.

18. Denies the allegations contained in paragraph 18.

19. Denies the allegations contained in paragraph 19.

20. Denies the allegations contained in paragraph 20.

21. Denies the allegations contained in paragraph 21.

22. Denies the allegations contained in paragraph 22.

23. Denies the allegations contained in paragraph 23.

24. Denies the allegations contained in paragraph 24.

**WHEREFORE**, defendant Royalty Carpet Mills, Inc. respectfully requests that judgment be entered dismissing the First Count of the Complaint and awarding it costs, fees and disbursements and such other and further relief as is just and proper.

## SECOND COUNT

25. Answering the allegations of paragraph 25, repeats the allegations contained in paragraphs 1 through 24.

26. Denies the allegations contained in paragraph 26.

27. Denies the allegations contained in paragraph 27.

28. Denies the allegations contained in paragraph 28.

**WHEREFORE**, defendant Royalty Carpet Mills, Inc. respectfully requests that judgment be entered dismissing the Second Count of the Complaint and awarding it costs, fees and disbursements and such other and further relief as is just and proper.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claims for relief.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages or pecuniary loss attributable to actionable conduct by Royalty.

## THIRD AFFIRMATIVE DEFENSE

To the extent, if any, that Royalty violated or infringed upon any copyright owned by plaintiff, such violation or infringement was innocent and without the knowledge of the rights allegedly owned by plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that plaintiff holds any valid copyrights, Royalty did not infringe thereon.

## FIFTH AFFIRMATIVE DEFENSE

To the extent plaintiff holds a valid copyright, Royalty has not been unjustly enriched.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Royalty's compliance with underlying law.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by laches, estoppel and acquiescence.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by waiver.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered and is not likely to suffer any irreparable injury as a result of the acts alleged to have been committed.

## TENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because plaintiff has failed to mitigate damages if plaintiff suffered any damages.

### ELEVENTH AFFIRMATIVE DEFENSE

The Complaint fails because Royalty has conducted itself at all times in good faith, with a reasonable belief that its actions did not constitute a violation or infringement of any other person or entity's rights.

### TWELFTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by fair use.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs claims are barred in whole or part by the applicable statutes of limitations.

### FOURTEENTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction and venue over this action.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred by virtue of plaintiffs unclean hands.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Second Count is preempted by the Copyright Act.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs copyright registrations are invalid and/or unenforceable.

WHEREFORE, defendant Royalty Carpet Mills, Inc. demands judgment (1) dismissing the Complaint with prejudice; (2) awarding it damages, fees and costs; (3) awarding it interest; (4) awarding it costs and expenses including reasonable attorneys' fees; and (5) granting it such other and further relief as is just and proper.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Peter Shapiro, Esq.
*Attorneys for Defendant*
pshapiro@lbbslaw.com

Dated: December 1, 2011

## CERTIFICATE OF SERVICE

**Peter T. Shapiro**, certifies that on December 1, 2011, a copy of the within Answer was served upon the Plaintiff's counsel herein and duly filed by ECF. I certify that the statements made by me are true and that I am subject to the penalties of perjury if same are not true.

                                              Peter T. Shapiro